UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00046-GNS-LLK

MICHAEL C. DUMAS                                                                         PETITIONER

v.

JOSEPH MEKO, Warden                                                                     RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's Objection (DN 17) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (R&R) (DN 16). For the following reasons, Magistrate Judge R&R is **ADOPTED** and Petitioner's Objection is **OVERRULED**.

## I. BACKGROUND

The Magistrate Judge's Report and Recommendation ("R&R") sets forth in detail the relevant facts and procedural history of this matter, which the Court incorporates herein without recitation. (R. & R. 2-4, DN 16).

## II. JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III. DISCUSSION

On January 26, 2017, Magistrate Judge King issued an R&R recommending dismissal of Petitioner Michael C. Dumas' ("Petitioner") Petition for Writ of Habeas Corpus because it was

filed outside of the applicable one year statute of limitations. (R. & R. 4 (citing 28 U.S.C. § 2244(d)(1)). Petitioner raises three objections to the R&R. (Pet'r's Obj., DN 17). This Court reviews *de novo* the portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." 28 U.S.C. § 636(b)(1).

First, Petitioner objects to the Magistrate Judge's conclusion that Petitioner was not entitled to equitable tolling. (Pet'r's Obj. 3-4). The Magistrate Judge determined that Petitioner's "pro se status, lack of legal sophistication, restricted access to the law library, and other difficulties attendant on the vicissitudes of prison life do not qualify as extraordinary circumstances." (R. & R. 5 (citing *Leon v. Parris*, No. 3:15-cv-0094, 2015 WL 7283164, at *4 (M.D. Tenn. Nov. 16, 2015)). Petitioner agrees with the Magistrate Judge that individually, these factors do not justify equitable tolling; however, Petitioner claims that the Magistrate Judge erred when he did not consider these factors in the aggregate. (Pet'r's Obj. 2-3). Further, Petitioner argues that the Magistrate Judge also failed to consider that he made claims of actual innocence in his Petition. (Pet'r's Obj. 3).

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). The doctrine of equitable tolling, however, should be applied "sparingly," and the petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A petitioner seeking equitable tolling of the statute of limitations bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court agrees with the Magistrate Judge that Petitioner has not demonstrated that extraordinary circumstances stood in his way of timely filing, even when considering the circumstances in the aggregate. The Sixth Circuit has held that "combinations of illiteracy, *pro se* status, lack of access to legal materials, ignorance of the law, and reliance on legal assistance from others do not amount to extraordinary circumstances." *Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015) (citations omitted). *See also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-52 (6th Cir. 2011) (noting that a combination of a prisoner's *pro se* status, limited law-library access, and inability to access trial transcripts did not amount to an extraordinary circumstance to warrant equitable tolling). Therefore, even considering these circumstances in the aggregate, as Petitioner argues the Magistrate Judge failed to do, the Court is satisfied that the combination of these factors in the aggregate do not amount to extraordinary circumstances.

Moreover, the Court also finds Petitioner's argument that the Magistrate Judge ignored the fact that he had made claims of actual innocence is of no avail. The Sixth Circuit has held "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through [AEDPA's] gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). This exception requires new evidence that demonstrates factual innocence—i.e., that the petitioner "did not commit the acts forming the basis for his conviction . . . ." *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005). The Court is unable to locate where Petitioner's claim of actual innocence. Petitioner has not put forth new exculpatory evidence that would lead this Court to believe that

3

"no reasonable juror would have found him guilty . . . ." *Souter*, 395 F.3d at 602 (citation omitted). Accordingly, the Court finds Petitioner's assertion that the Magistrate Judge ignored his claim of actual innocence to be without merit. Therefore, the Court holds that Petitioner's first objection to the R&R has no merit and is overruled.

Petitioner's second objection is that he has "shown sufficient cause to excuse his failure to file a timely notice of appeal in state court" because he was suffering from severe vertigo during that time and did not understand the complexity of the appellate procedural rules. (Pet'r's Obj. 4-5). The Court does not see how the alleged cause for Petitioner's untimely state court notice of appeal has any bearing on whether he was diligently pursuing his right to file a federal habeas corpus petition, as his Petition was filed three years after his untimely notice of appeal was filed in state court. *See Vroman*, 346 F.3d at 605 (rejecting petitioner's argument that he was diligently pursuing his federal habeas rights because the petitioner's argument "focuse[d] on [the petitioner's] diligence in pursuing his rights in Ohio state post-conviction proceedings. [The petitioner] fail[ed] to address his lack of diligence in timely filing a petition for habeas relief."). Accordingly, the Court overrules Petitioner's second objection.

Finally, Petitioner objects to the R&R's recommendation to deny a certificate of appealability. Petitioner's objection merely reiterates the standard for issuance of a certificate of appealability. The Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000), established a two-prong test used to determine when a certificate of appealability should be issued after a writ of habeas corpus is denied on procedural grounds. *Id.* at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Petitioner does not

4

satisfy the second prong of the test. Reasonable jurists could not disagree that Petitioner's Petition is time-barred, as it was filed over three years after his state court judgment became final.[1] Thus, this Court agrees with the Magistrate Judge that a certificate of appealability should be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 17) is **OVERRULED**;

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely;

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 21, 2017

cc: counsel of record
Michael C. Dumas, *pro se*

---

[1] The Marshall Circuit Court entered its judgment dismissing Petitioner's RCr 11.42 motion on January 3, 2013. Petitioner filed an untimely appeal on February 21, 2013, and the Kentucky Court of Appeals entered an order dismissing Petitioner's appeal as untimely on June 13, 2013. *See Randle v. Crawford*, 578 F.3d 1177, 1183-84 (9th Cir. 2009) (noting that for purposes of statute of limitations tolling, the date of finality remains the date on which the date for filing a timely appeal expired, not the date the state appellate court dismissed the untimely appeal). Petitioner filed his federal writ of habeas corpus petition on March 18, 2016. (*See* Petition).